IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

PRODUCERS AGRICULTURE
INSURANCE COMPANY,

           Petitioner,

v.

DAVID FINNEMAN,

           Respondent.

CASE NO.:  5:22-CV-5062

## PETITION TO VACATE OR, IN THE
## ALTERNATIVE, NULLIFY ARBITRATION AWARD

COMES NOW Producers Agriculture Insurance Company ("ProAg") and petitions this Court to vacate or, in the alternative, nullify an award rendered on June 20, 2022, in the matter of an arbitration between David Finneman ("Finneman") and ProAg.  In further support of this petition, ProAg would show the following:

    1.    ProAg is a Texas-domiciled insurance company with its principal place of business located at 5601 Interstate 40 W, Suite 204, Amarillo, Texas 79106.  ProAg is authorized to transact business and has transacted business in South Dakota.

    2.    Finneman is an adult resident and citizen of Pennington County, South Dakota.

    3.    The district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as there exists complete diversity of citizenship between the Plaintiff (a citizen of Texas) and the Defendant (a citizen of South Dakota), and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.    As noted, Finneman is a resident of Pennington County, which is within the Western Division of the District of South Dakota.  Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Effective for the 2017 insurance year, ProAg issued to Finneman a Whole-Farm Revenue Protection ("WFRP") policy.

6.    WFRP policies are governed by the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq., and attendant regulations published at Title 7, Subtitle B, Chapter IV of the Code of Federal Regulations.

7.    WFRP coverage is governed in part by a standard form insurance contract known as the Whole-Farm Revenue Protection Pilot Policy ("WFRP Pilot Policy").  A true and correct copy of the WFRP Pilot Policy in force for the 2017 insurance year is attached as Exhibit 1.

8.    The preamble to the WFRP Pilot Policy specifies that:

> This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) under the provisions of the Federal Crop Insurance Act (7 U.S.C. 1501-1524) (Act).  All provisions of the policy and rights and responsibilities of the parties are specifically subject to the Act.  The provisions of the policy may not be waived or varied in any way by us, our insurance agent or any other contractor or employee of ours, or any employee of the United States Department of Agriculture (USDA).  We will use the procedures, including but not limited to handbooks, manuals, memoranda, and bulletins, as issued by FCIC and published on the Risk Management Agency (RMA's) web site at http://www.rma.usda.gov/ or a successor Web site, in the administration of this policy, including the adjustment of any loss or claim submitted under this policy.

9.    Section 33(a) of the WFRP Pilot Policy provides that (subject to two exceptions, neither of which is applicable in this instance) all disputes relating to the insurer's determinations under the policy "must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA)."

2

10.    While requiring arbitration of disputed determinations, the WFRP Pilot Policy precludes an arbitrator from interpreting the policy or the procedures used in administering the policy.  Specifically, section 33(a)(1) of the WFRP Pilot Policy states: "[I]f the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC."

11.    Finneman disputed certain determinations rendered by ProAg with respect to his 2017 WFRP policy.

12.    In accordance with section 33(a) of the WFRP Pilot Policy, these disputes were submitted to a privately-administered arbitration, which was conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

13.    Finneman and ProAg selected Minneapolis attorney David Allgeyer to serve as the arbitrator.

14.    The arbitrator issued his Findings, Determinations, and Award (the "Award") on June 20, 2022.  A true and correct copy of the Award is attached as Exhibit 2.

15.    In rendering the Award, the arbitrator exceeded the authority granted him under section 33(a)(1) of the WFRP Pilot Policy.  Specifically, the arbitrator impermissibly interpreted the WFRP Pilot Policy as well as the FCIC procedures set forth in the WFRP Pilot Handbook. The arbitrator also failed to follow existing FCIC interpretations by basing his decision on equitable principles and disregarding the policy's non-waiver language.

## VACATUR UNDER THE FEDERAL ARBITRATION ACT

16.    The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, governs arbitrations conducted in accordance with contracts affecting interstate commerce.

17.    The WFRP contract between Finneman and ProAg affects interstate commerce and thus the FAA standards for confirmation, vacatur, modification, and correction of arbitral decisions apply in this instance.

18.    Section 10(a) of the FAA prescribes the grounds on which an arbitral decision may be vacated, stating:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> 9 U.S.C. § 10(a).

19.    The arbitrator exceeded his powers by impermissibly engaging in interpretation of the WFRP Pilot Policy and the FCIC procedures set forth in the WFRP Pilot Handbook

20.    The arbitrator also exceeded his powers by failing to adhere to existing interpretations rendered by the FCIC in regard to disputed provisions of the WFRP Pilot Policy.

4

21.   ProAg therefore requests vacatur of the Award under section 10(a) of the FAA.

## NULLIFICATION UNDER SECTION 33(A)(1)(ii) OF THE WFRP PILOT POLICY AND 7 C.F.R. PART 400 SUBPART X

22.   Section 33(a)(1)(ii) of the WFRP Pilot Policy states: "Failure to obtain, or comply with, any required interpretation from FCIC will result in the nullification of any agreement or award."

23.   Additionally, 7 C.F.R. § 400.766(b)(3) provides that "[f]ailure to request an FCIC interpretation when required by this subpart or failure of … arbitrator … to adhere to the final agency determination or FCIC interpretation provided under this subpart will result in the nullification of any award or agreement in arbitration or mediation in accordance with the provisions in the 'Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review' section or similar section in all crop insurance policies.

24.   Finally, 7 C.F.R. § 400.766(b)(4) permits a party to seek FCIC review of an arbitration award for a determination of whether the award was rendered in violation of subpart (b)(3) and the policy limitations on arbitral authority; it states:

> If either party believes an award or decision was rendered by NAD, arbitrator, mediator, or judge based on a disputed provision in which there was a failure to request a final agency determination or FCIC interpretation or NAD, arbitrator, mediator, or judge's decision was not in accordance with the final agency determination or FCIC interpretation rendered with respect to the disputed provision, the party may request FCIC review the matter to determine if a final agency determination or FCIC interpretation should have been sought in accordance with § 400.767.
> …
>
> (ii) If FCIC determines that a final agency determination or FCIC interpretation should have been sought and it was not, or the decision was not in accordance with the final agency determination or FCIC interpretation rendered with respect to the disputed provision:

5

(A) The award is automatically nullified; and

(B) Either party may appeal FCIC's determination that a final agency determination or FCIC interpretation should have been sought and it was not, or the decision was not in accordance with the final agency determination or FCIC interpretation rendered with respect to the disputed provision to NAD in accordance with 7 CFR part 11.

25.    Thus, both the WFRP Pilot Policy under which the arbitrator derived his authority and the regulations implemented by the FCIC at 7 C.F.R. part 400, subpart X provide for nullification of an award when a required FCIC interpretation is not sought or an existing FCIC interpretation is disregarded.  Nullification occurs "automatically" upon issuance of an FCIC determination that an interpretation was not sought or followed.

26.    On July 18, 2022, ProAg requested the FCIC to review the Award and issue a determination under section 400.766(b)(4) in support of automatic nullification.  A true and correct copy of said request is attached as Exhibit 3.

27.    As an alternative to its request for vacatur under section 10(a) of the FAA, ProAg requests the Court to nullify the Award upon issuance of a determination by the FCIC that a required interpretation was not sought and/or that an existing interpretation was disregarded.

WHEREFORE, PREMISES CONSIDERED, ProAg respectfully requests that the Court enter an order vacating the Award in accordance with section 10(a) of the FAA.  Additionally, or in the alternative, ProAg requests the Court, upon issuance of a determination by the FCIC that an interpretation should have been sought and it was not, or that the Award was not in accordance with an existing interpretation, enter an order nullifying the Award in accordance with section 33(a)(1)(ii) of the WFRP Pilot Policy and 7 C.F.R. § 400.766(b)(4)(ii)(A).  ProAg also requests such further and general relief as may be proper in the premises.

6

Dated this 19th day of July, 2022.

SIEGEL, BARNETT & SCHUTZ, L.L.P.


*/s/ Reed Rasmussen*
Reed Rasmussen
415 S. Main Street, Suite 400
PO Box 490
Aberdeen, SD  57402-0490
Telephone No. (605) 225-5420
Facsimile No. (605) 226-1911
rrasmussen@sbslaw.net

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Producers Agriculture Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Potter County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Reed Rasmussen - Siegel, Barnett & Schutz, LLP - POB 490 - Aberdeen, SD 57402--0490 - Ph: (605) 225-5420

## DEFENDANTS

David Finneman

County of Residence of First Listed Defendant   Pennington, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Wendell L. Hoskins II - Law Office of Wendell L. Hoskins II - POB 1115 - Caruthersville, MO 63830 - Ph: (573) 333-2600

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY

- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS

- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR

- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION

- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY

- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS

- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY

- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS

- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [x] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1) (Diversity) & 9 U.S.C. § 10(a) (Vacatur of Arbitration Award)

Brief description of cause:
Petition for Vacatur or, in the Alternative, Nullification of Arbitration Award

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   Vacature of arb. award

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
July 19, 2022

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____