IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| PRODUCERS AGRICULTURE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID FINNEMAN,<br><br>      Defendant. | Case No. 5:22-CV-05062-KES<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIM

COMES NOW the Defendant/Respondent, David Finneman, by and through counsel, and in response to the Petition to Vacate or, in the Alternative, Nullify Arbitration Award filed herein states as follows:

1. Upon information and belief, Defendant admits the allegations set forth in numbered paragraph 1. of the Petition.  Defendant is without sufficient information to admit or deny whether Pro Ag is authorized to transact business in the State of South Dakota, and therefore denies the same.

2. The Defendant admits the factual allegations set forth in numbered paragraph 2. of the Petition.

3. The Defendant admits the factual allegations set forth in numbered paragraph 3. of the Petition.

4. The Defendant admits the factual allegations set forth in numbered paragraph 4. of the Petition.

5. The Defendant admits the factual allegations set forth in numbered paragraph 5. of the Petition.

6. The Defendant admits the factual allegations set forth in numbered paragraph 6. of the Petition.

7. The Defendant admits the factual allegations set forth in numbered paragraph 7. of the Petition.

8. The Defendant admits that numbered paragraph 8. of the Petition accurately quotes the preamble to the WFRP Policy. Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 8. of the Petition.

9. The Defendant admits that attached to the Petition as Exhibit 1 (*Document 1-1*) is a copy of the "Whole-Farm Revenue Protection Pilot Policy." The terms of that document speak for itself and are subject to interpretation and construction by this Court. Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 9. of the Petition.

10. The Defendant admits that attached to the Petition as Exhibit 1 (*Document 1-1*) is a copy of the "Whole-Farm Revenue Protection Pilot Policy." The terms of that document speak for itself and are subject to interpretation and construction by this Court. Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 10. of the Petition.

11. The Defendant admits the factual allegations set forth in numbered paragraph 11. of the Petition.

12. The Defendant admits the factual allegations set forth in numbered paragraph 12. of the Petition.

13. The Defendant admits the factual allegations set forth in numbered paragraph 13. of the Petition.

14. The Defendant admits the factual allegations set forth in numbered paragraph 14. of the Petition.

15. The Defendant denies the factual allegations set forth in numbered paragraph 15. of the Petition.

## VACATUR UNDER THE FEDERAL ARBITRATION ACT

16. The allegations set forth in numbered paragraph 16. of the Petition sound in law, not fact, and therefore do not require a response. Arbitrations conducted in accordance with the WFRP Policy are governed by the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. §1501, *et seq*., and rules and regulations promulgated pursuant to the FCIA. Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 16. of the Petition.

17. The allegations set forth in numbered paragraph 17. of the Petition sound in law, not fact, and therefore do not require a response. Arbitrations conducted in accordance with the WFRP Policy are governed by the Federal Crop Insurance Act, 7 U.S.C. §1501, *et seq*., and rules and regulations promulgated pursuant to the FCIA. Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 17. of the Petition.

18. The Defendant admits that numbered paragraph 18. of the Petition quotes verbatim 9 USC §10(a). Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 18. of the Petition.

19. The Defendant denies the factual allegations set forth in numbered paragraph 19. of the Petition.

20. The Defendant denies the factual allegations set forth in numbered paragraph 20. of the Petition.

21. The Defendant denies the factual allegations set forth in numbered paragraph 21. of the Petition and specifically denies that the Petitioner is entitled to the relief requested, or to any relief whatsoever.

## NULLIFICATION UNDER SECTION 33(A)(1)(ii) OF THE
## WFRP PILOT POLICY AND 7 C.F.R. PART 400 SUBPART X

22. The Defendant admits that numbered paragraph 22. of the Petition quotes accurately Section 33(a)(1)(ii) of the WFRP Policy.  Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 22. of the Petition.

23. The Defendant admits that numbered paragraph 23. of the Petition quotes accurately 7 C.F.R. §400.766(b)(3).  Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 23. of the Petition.

24. The Defendant admits that numbered paragraph 24. of the Petition quotes accurately 7 C.F.R. §400.766(b)(4).  Except as specifically admitted, the Defendant denies the factual allegations set forth in numbered paragraph 24. of the Petition.

25. The Defendant admits that neither Pro Ag nor Finneman nor Arbitrator David A. Allgeyer requested an FCIC interpretation.  The Defendant denies that the Petitioner is entitled to the relief requested, or to any relief whatsoever.  Having lost at arbitration, Pro Ag now apparently suggests that an interpretation should have been requested.  Except as specifically admitted, the Defendant denies the the factual allegations set forth in numbered paragraph 25. of the Petition.

26. The Defendant admits that Pro Ag requested a review by FCIC of the Findings, Determinations, and Award pursuant to 7 C.F.R. §400.766, and Defendant has responded to that

request.  Except as specifically admitted, the Defendant denies the the factual allegations set forth in numbered paragraph 26. of the Petition.

27.  The Defendant admits that Pro Ag is requesting that this Court nullify a valid arbitration award after losing at the arbitration mandated by the WFRP Policy before an arbitrator selected by Pro Ag and Finneman.  The Defendant denies that the Petitioner is entitled to the relief requested, or to any relief whatsoever.  Except as specifically admitted, the Defendant denies the the factual allegations set forth in numbered paragraph 27. of the Petition.

28.  The Defendant denies the factual allegations set forth in the unnumbered *ad dannum* clause and specifically denies that the Petitioner is entitled to the relief requested, or to any relief whatsoever.

## COUNTERCLAIM

AND NOW, having responded fully to the Petition to Vacate or, in the Alternative, Nullify Arbitration Award, paragraph by paragraph, Defendant David Finneman asserts his Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure as follows:

### STATEMENT OF FACTS

1.  In crop year 2017, Defendant David Finneman applied for and was issued a policy of Whole Farm Revenue Protection (WFRP) through Respondent Pro Ag, Policy No. 2017-46-987-1029811.  *See* Exhibit 1 (WFRP Policy); Exhibit 2 (*Pro Ag WFRP Schedule of Insurance*).

2.  Finneman provided Pro Ag with true, accurate and timely information regarding his current and past farming operation as solicited by Pro Ag's duly appointed agent, Stuart Hofer, of Pickard Insurance Services, of Volga, South Dakota.

3.  Moreover, in 2017, Pro Ag insured all crops in all counties and states farmed by Finneman and by any entity in which he held any substantial beneficial interest.

4. Crop year 2017 was the first year that David Finneman farmed in his individual capacity, having previously farmed as part of a South Dakota limited liability company, C & D Acres, LLC.

5. C & D Acres, LLC was established by David and his wife Connie (hence the "C & D"), but by Dissociation filed with the South Dakota Secretary of State on May 16, 2011, Connie Finneman "voluntarily dissociate[d] from C & D Acres LLC because of physical and health reasons." *See* Exhibit 3 (C & D Acres Dissociation).

6. Thereafter, C & D Acres, LLC continued to farm as a single-member LLC, including the following crops insured by Respondent Pro Ag under traditional Multiple Peril Crop Insurance (MPCI)[1] policies *in crop year 2017*:

| **Pro Ag Policy No.** | **Crop** | **Acres** | **County, State** |
|---|---|---|---|
| 20-987-1031310 | Soybeans | 213.3 | Kingman County, Kansas |
| 46-987-1031311 | Safflower | 178.4 | Pennington County, South Dakota |
| 46-987-1031314 | Safflower | 473.7 | Meade County, South Dakota |
| 46-987-1031638 | Soybeans | 53.2 | Aurora County, South Dakota |
| 46-987-1031641 | Soybeans | 124.9 | Jerauld County, South Dakota |

*See* Exhibits 4, 5, 6, 7 & 8 (*Pro Ag MPCI Schedules of Insurance*).

7. In addition to C & D Acres, LLC's 2017 crops listed above (and insured by separate Pro Ag MPCI policies as provided), David Finneman farmed in his individual capacity 316.0 acres of non-irrigated corn and 280.0 acres of non-irrigated safflower in Pennington County, South Dakota.

---

[1] MPCI is the traditional federally reinsured insurance that insures a stated yield, or production guarantee, based upon the insured's actual production history, at a price established by Risk Management Agency. MPCI and WFRP are two separate policies, and WFRP may cover commodities for which MPCI is not available. The same physical crops and acres may be insured under separate MPCI and WFRP policies, but under the terms of the WFRP policy, any MPCI indemnity is counted as part of the "Revenue-to-Count."

-6-

8. Although available (at least for the safflower), Finneman did not take out a separate MPCI policy on the corn and safflower acres farmed in his individual capacity and covered by the Pro Ag WFRP Policy, Policy No. 2017-46-987-1029811.

9. Following acceptance of Finneman's WFRP application, Pro Ag issued a *Schedules of Insurance* for Policy No. 2017-46-987-1029811, confirming "Whole-Farm Liability" of $147,096.00 and "MPCI Liability" of $0.00.  *See* Exhibit 2 (*Pro Ag WFRP Schedule of Insurance*).

10. Notably, no "Associated Underlying MPCI Coverage" is listed in the Pro Ag WFRP *Schedule of Insurance*. *Id*.

11. It is undisputed that David Finneman incurred an otherwise insurable loss under his 2017 WFRP Policy.

12. Furthermore, it is undisputed that the corn and safflower acres insured under Pro Ag WFRP Policy No. 2017-46-987-1029811 produced no revenue.  *See* Exhibit 9 (Pro Ag Determination Letter) at 2.

13. However, in its April 20, 2018, letter, Pro Ag advised Finneman that WFRP Policy No. 2017-46-987-1029811 was being voided, that Pro Ag's "Whole-Farm Liability" was being revised to zero, and that Pro Ag would be keeping 20 percent of his previously paid premium.  *See* Exhibit 9 (Pro Ag Determination Letter).

14. Specifically, Pro Ag determined that Connie Finneman, David's wife, had a substantial beneficial interest (SBI) in the crops insured under Pro Ag Policy No. 2017-46-987-1029811, having failed to meet the "legally separated" requirement of the WFRP Policy and FAD-049.  *See* Exhibit 1 (WFRP Policy).

15. The "legally separated" issue was resolved in the arbitration in favor of David Finneman by Arbitrator's Order dated January 13, 2020. *See* Exhibit 10 (Arbitrator Order).

16. Pro Ag nevertheless maintained its contention that no liability was due under Pro Ag Policy No. 2017-46-987-1029811, having reviewed and revised various aspects of the WFRP Policy, and having reduced Finneman's guaranteed "Whole-Farm Liability" of $147,096.00 to a net zero. *See* Exhibit 2 (*Pro Ag WFRP Schedule of Insurance*).

17. Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allegeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award. *See* Exhibit 11 (*Arbitration Award*).

18. Pro Ag's Petition to Vacate or, in the Alternative, Nullify Arbitration Award followed.

**COUNT I – APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD**

19. The June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award authored by Arbitrator David A. Allegeyer is, in all respects, proper and complete and is in accordance with the facts of the case and applicable law.

20. The Award was not procured by corruption, flawed, or undue means. *See* 9 U.S.C. §10(a)(1).

21. There is no evidence of partiality or corruption in the arbitrator. *See* 9 U.S.C. §10(a)(2).

22. The Arbitrator was guilty of no misconduct in refusing to postpone the hearing, or in refusing to hear evidence pertinent and material to the controversy, or of any other behavior by which the rights of any party have been prejudiced. *See* U.S.C. §10(a)(3).

23.  The Arbitrator did not exceed his powers, nor did he so imperfectly execute them that a mutual, final, and definite award upon the subject matter submitted was not made.  *See* U.S.C. §10(a)(4).

24.  A true and correct copy of the June 20, 2022, Findings, Determinations and Award is attached hereto as Exhibit 11 and incorporated by reference herein.

25.  Therefore, there is no grounds to vacate or otherwise nullify the subject award.

26.  Moreover, Defendant/Counter-Plaintiff David Finneman is entitled to the Order of this Court confirming the Findings, Determinations, and Award pursuant to 9 U.S.C. §9.

27.  Therefore, Defendant/Counter-Plaintiff David Finneman respectfully makes application pursuant to 9 U.S.C. §9 for an Order of this Court confirming the June 20, 2022, Findings, Determinations and Award.  *See* Exhibit 11.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman respectfully makes application to this Court for an Order confirming the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9; for the award of all costs expended herein; and for such other and further relief as may be just and proper.

**COUNT II – JUDICIAL REVIEW**

28.  Pursuant to Section 33(c) of the WFRP Policy, either party has "the right to judicial review of any decision rendered in arbitration."  *See* Exhibit 11.

29.  Section 33(b)(3) provides that the insured may seek judicial review within one year of the date the arbitration decision was rendered.  *Id.*

30.  Having completed mandatory arbitration pursuant to Section 33 of the WFRP Policy, David Finneman now seeks, as an alternative to confirmation of the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, judicial review as provided by Section 33(c)

of the WFRP Policy[2] and 7 C.F.R. §400.352(b)(4). *Id.; see also* Final Agency Determinations FAD-99, FAD-211, FAD-236 and FAD 282.

31. The very authority cited to by Pro Ag in its Exhibit 12 (*Document 1-3*) specifically permits policyholders to pursue what the FCIC refers to generally as "equitable claims," including "claims arising from misrepresentations, negligence, etc.," under which the insured may pursue "attorney's fees, expenses, or compensatory, punitive, or other extra-contractual damages." *See* Final Agency Determination FAD-282.

32. Furthermore, while Section 400.352 of Title 7 of the Code of Federal Regulations ostensibly prohibits "State or local governmental entities or non-governmental entities" from "[levying] fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors, . . . [n]othing [t]herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled." *See* 7 C.F.R. §400.352(b)(4).

33. Contemporaneously with the filing of this Counterclaim, Defendant/Counter-Plaintiff has requested of the FCIC a determination pursuant to Section 33 of the WFRP Policy and 7 C.F.R. §400.352(b)(4). *See* Exhibit 12.

34. If the June 20, 2022, Findings, Determinations and Award cannot be confirmed pursuant to 9 U.S.C. §9, then Defendant/Counter-Plaintiff David Finneman is entitled to recover

---

[2] Notably, Section 33 of the 2017 WFRP Policy does not include the language contained in Section 20(i) of the Basic Provisions of the Common Crop Insurance Policy. This omission was corrected in the 2019 version of that same policy. However, this same language is included in 7 C.F.R. §400.352(b)(4).

-10-

damages as contemplated by Section 33 of the WFRP Policy and 7 C.F.R. §400.352(b)(4); *see also* Final Agency Determinations FAD-99, FAD-211, FAD-236 and FAD 282.

35.  Pro Ag's recognition of David Finneman and C & D Acres, LLC as separate entities and farming operations for underwriting purposes but inclusion of both operations' income for calculating Finneman's WFRP indemnity (even when Pro Ag issued separate policies to these entities in the same year) constitute a failure to comply the terms of the WFRP Policy and/or procedures issued by FCIC.

36.  The failure of the agents, employees and representatives of Pro Ag to comply with the terms of the policy or procedures resulted in Finneman receiving indemnity in an amount less than he was entitled – an amount not less than $101,178.

37.  David Finneman is entitled to recover a monetary loss of at least $101,178.

38.  David Finneman is further entitled to recover through judicial review extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman prays that this Court enter judgment against Producers Agriculture Insurance Company in an amount not less than $101,178, together with extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper.

**COUNT III – NEGLIGENCE**

39.  Defendant/Counter-Plaintiff David Finneman restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 38. of his Counterclaim.

40.  If, as urged by Pro Ag, there is no obligation of good faith and fair dealing implicit in the WFRP Policy, and if Finneman is not entitled to confirmation of the the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, then Finneman is entitled to recover his resulting damages under state common law, including an action for common law negligence.  See 7 C.F.R. §400.352(b)(4).

41.  If Finneman was not entitled to the issuance of Policy No. 2017-46-987-1029811 and "Whole-Farm Liability" of $147,096, then the actions and inactions of Pro Ag's agents, employees and representatives constitute negligence.

42.  Pro Ag and its agents, employees and representatives are bound by the rules, regulations, practices and procedures of the FCIC, and Pro Ag breached that standard of care in ignoring C & D Acres, LLC's revenue in determining WFRP coverage then counting that income against Finneman's revenue guarantee at claims time.

43.  The actions and inactions of Pro Ag's agents, employees and representatives constitute negligence, which negligence was the proximate cause of Defendant/Counter-Plaintiff's damages in an amount not less than $102,366.03.

44.  David Finneman is further entitled to recover through judicial review extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman prays that this Court enter judgment against Producers Agriculture Insurance Company in an amount not less than $102,366.03, together with extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATION

45. Defendant/Counter-Plaintiff David Finneman restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 44. of his Counterclaim.

46. If, as urged by Pro Ag, there is no obligation of good faith and fair dealing implicit in the WFRP Policy, and if Finneman is not entitled to confirmation of the the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, then Finneman is entitled to recover his resulting damages under state common law, including an action for common law negligence. *See* 7 C.F.R. §400.352(b)(4).

47. If Finneman was not entitled to the issuance of Policy No. 2017-46-987-1029811 and "Whole-Farm Liability" of $147,096, then Pro Ag's representations to the contrary constitute negligence.

48. Furthermore, Finneman reasonably relied upon the negligent misrepresentations of Pro Ag and its agents, employees and representatives in expending on-farm expenses and investment in the crops of no less than $102,366.03.

49. If Finneman is not entitled to confirmation of the the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, then Finneman is entitled to recover his resulting damages under state common law, including negligent misrepresentation. *See* 7 C.F.R. §400.352(b)(4).

50. David Finneman is further entitled to recover through judicial review extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman prays that this Court enter judgment against Producers Agriculture Insurance

Company in an amount not less than $102,366.03, together with extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper.

### COUNT V – WAIVER AND ESTOPPEL

51. Defendant/Counter-Plaintiff David Finneman restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 50. of his Counterclaim.

52. Finneman reasonably relied upon Pro Ag's issuance of Policy No. 2017-46-987-1029811 and its confirmation of "Whole-Farm Liability" of $147,096 in expending on-farm expenses and investment in the crops of no less than $102,366.03.

53. If Finneman is not entitled to confirmation of the the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, then Finneman is entitled to recover his resulting damages under state common law equitable principles, including waiver and estoppel. *See* 7 C.F.R. §400.352(b)(4).

54. David Finneman is further entitled to recover through judicial review extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman prays that this Court enter judgment against Producers Agriculture Insurance Company in an amount not less than $102,366.03, together with extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper.

## COUNT VI – REFORMATION

55. Defendant/Counter-Plaintiff David Finneman restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 54. of his Counterclaim.

56. Finneman reasonably relied upon Pro Ag's issuance of Policy No. 2017-46-987-1029811 and its confirmation of "Whole-Farm Liability" of $147,096 in expending on-farm expenses and investment in the crops of no less than $102,366.03.

57. If Finneman is not entitled to confirmation of the the June 20, 2022, Findings, Determinations and Award pursuant to 9 U.S.C. §9, then Finneman is entitled to reformation of the subject policy to provide the WFRP coverage that Pro Ag guaranteed and upon which Finneman relied.

58. David Finneman is further entitled to recover through judicial review extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff David Finneman prays that this Court enter judgment against Producers Agriculture Insurance Company in an amount not less than $102,366.03, together with extra-contractual damages, consequential damages, punitive damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW the Defendant/Counter-Plaintiff, David Finneman, by and through counsel, and pursuant to Rule 38 of the Federal Rules of Civil Procedure demands a trial by jury on all issues so triable.

        Respectfully submitted,

        TIESZEN LAW OFFICE
        306 East Capital Avenue
        Suite 300
        Post Office Box 550
        Pierre, South Dakota 57501
        Phone: 605-224-1500
        naomic@tieszenlaw.com

        */s/ Naomi R. Cromwell*
        NAOMI R. CROMWELL
        South Dakota Bar No. 3054
        Attorney for Defendant

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice* Pending)

## CERTIFICATE OF SERVICE

I, NAOMI R. CROMWELL, attorney for Defendant in the above styled and numbered cause, do hereby certify that I have this dayserved by electronic means through the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) a true and correct copy of the foregoing pleading to Reed Rasmussen, Esquire, Siegel, Barnett & Schutz, LLP, 415 South Main, Suite 400, Post Office Box 490, Aberdeen, South Dakota 57402-0490, and Jeffrey S. Dilley, Esquire, Henke-Bufkin Law Firm, P.A., 408 Hopson Street, Lyon, MS 38645.

THIS, the 7th day of October, 2022.

/s/ *Naomi R. Cromwell*
NAOMI R. CROMWELL