

Kansas City Metro Office
16011 College Blvd.
Suite 210
Lenexa, KS 66219
Toll Free: (866) 350-2767
Fax: (913) 307-9945

April 20, 2018

David Finneman
15006 Longview Road
Rapid City, SD  57703

| Re: | Policy No.: | 46-987-1029811 |
|---|---|---|
| | Claim No.: | 17010109 |
| | Plan: | Whole Farm Revenue Protection |
| | Year: | 2017 |

Dear Mr. Finneman:

On behalf of Producers Agriculture Insurance Company ("ProAg"), I am writing regarding the Notice of Loss you filed on July 5, 2017 and the above referenced claim which you submitted following the filing of your 2017 taxes.  We are required by the Risk Management Agency ("RMA") to send you notification of our determinations regarding your reported loss. In addition to our determination, I have also provided the specific policy requirements mandated by your policy.

By way of background, the policy of crop insurance issued to you was issued pursuant to the Federal Crop Insurance Act ("FCIA"), and is reinsured by the United States Department of Agriculture ("USDA"), Federal Crop Insurance Corporation ("FCIC").  All aspects of the federal crop insurance program are governed exclusively by the FCIA and the rules and regulations promulgated thereunder by the RMA which has administrative oversight responsibilities for the federal crop insurance program.  Everyone who participates in this federal program – whether as an insurance company that issues and services a policy, an insurance agent who sells a policy, or a farmer who purchases and is covered by a policy – is obligated to abide by and adhere to the FCIA, the applicable policy provisions, and the rules, regulations, practices and procedures of the FCIC and RMA. Neither ProAg, its employees, agents and/or adjusters cannot alter, vary, amend or otherwise modify the terms and conditions of insurance policies issued under the federal crop insurance program.

Additionally, pursuant to the FCIA, the SRA, and 7 C.F.R., Part 400, Subpart P, all state or local laws that are inconsistent with the SRA, the terms of the federal crop insurance policies, or the regulations promulgated by RMA, are preempted by federal law.

Your Whole-Farm Revenue Protection ("WFRP") Pilot Policy ("Policy") requires us to verify all information used to complete your Claim for Indemnity Report in the event of damage or loss. This specific requirement is referenced in

www.ProAg.com

**THE PAST, PRESENT AND FUTURE OF AGRICULTURAL RISK MANAGEMENT®**

ProAg is an equal opportunity provide̶r̶ ̶a̶n̶d̶ ̶e̶m̶p̶l̶o̶y̶e̶r̶. A member of the Tokio Marine HCC group of companies.
The insurance products offered may no̶t̶ ̶b̶e̶ ̶o̶f̶fered and may not be offered in all states.

**EXHIBIT**

**9**

ProAg/Finneman
0514

Section 23(b) of your Policy. Both the policy provision reference and document in its entirety are provided for your review.

*"23. Our Duties in the Event of Damage or Loss.*

    *(a) We will recognize and apply the claim adjustment and other procedures established or approved by FCIC.*

    *(b) We will verify the information on your Whole-Farm History Report, Farm Operation Report, Inventory Report, Beginning and Ending Accounts Receivable and Accounts Payable, and any other supporting information used to complete the Claim for Indemnity Report."*

    ***

**Failure to Insure Taxpayer's Entire Farming Operation.** Section 16(a)(3) of your Policy requires you to provide a completed Whole-Farm History Report each year. Additionally, you are required to provide other tax forms when needed to verify your entity information under which your farm taxes were filed.

*"16. Your Whole-Farm History Report*

    *(a) On or before the sales closing date for each insurance year, you must provide a completed Whole-Farm History Report and the following documentation:*

    *(3) Other signed tax forms if needed to verify your entity information and as requested by us. For example, if your farm includes a disregarded entity for tax purposes, we may request other tax forms to verify the entity information under which your farm taxes were filed.*

Historic Internal Revenue Schedule F tax documents in the name of David Finneman were used in verification of the information on your Whole-Farm History Report. As a result of our review, we concluded C & D Acres LLC, ("C&D") a limited liability corporation of which David Finneman is the sole member, produced and sold agricultural commodities listed as revenue on the Schedule F documents used to complete your Whole-Farm History Report and C&D accounted for the expenses on those same Schedule F documents. In fact, it is our understanding that all your farm operations have been historically been conducted through C&D – certainly in the five years represented by the Schedule F history used to establish your Policy. The EIN of C&D, in addition to your SSN, appears on all the Schedule F's used. Furthermore, a January 23, 2018 letter in the claim file from your accountant indicates: "I'm writing to confirm that all receipts posted in 2017 were in fact paid to C&D Acres as grain sales and deposited into the C&D bank account."

ProAg determined C & D Acres LLC meets the definition of a disregarded entity as defined in your Policy, excerpted below, and thus it was permissible to have the policy in the name of the taxpayer who filed the taxes reflecting the income of C&D. However, **what is not permitted is for a taxpayer to try and only insure part of their farming enterprise under a Whole-Farm Policy.** Revenue from all crops produced by the entire farming operation – C&D as well as individually – which falls under tax entity David Finneman must be included on your Policy. That is also what the historic Schedule F documents support. Thus, had your Policy not been voided as determined below, in the computation of any potential claim on the Policy as issued, we would have had to apply all revenues earned by David Finneman **and C&D** from all crops as revenue to count against the revenue guarantee provided by the WFRP Policy.

    *"Disregarded entity - A single-member tax entity that does not elect to be treated as a corporation for income tax purposes and files taxes under another entity name."*

**Failure to List Spouse as SBI.** It is our understanding that you and Connie Finneman remain married. However, the WFRP application submitted by you for the 2017 year was submitted as an individual policy and it failed to list Connie Finneman as a person having a substantial beneficial interest. The provisions of the policy in Section 1, define- a SBI as follows **(bolding added for emphasis):**



www.ProAg.com

ProAg/Finneman
0515

"Substantial beneficial interest - An interest held by any person of at least 10 percent in you (e.g., there are two partnerships that each have a 50 percent interest in you and each partnership is made up of two individuals, each with a 50 percent share in the partnership. In this case, each individual would be considered to have a 25 percent interest in you, and both the partnerships and the individuals would have a substantial beneficial interest in you. The spouses of the individuals would not be considered to have a substantial beneficial interest unless the spouse was one of the individuals that made up the partnership. However, if each partnership is made up of six individuals with equal interests, then each would only have an 8.33 percent interest in you and although the partnership would still have a substantial beneficial interest in you, the individuals would not). **The spouse of any individual applicant or individual insured will be presumed to have a substantial beneficial interest in the applicant or insured unless the spouses can prove they are legally separated or otherwise legally separate under the applicable state dissolution of marriage laws.** Any child of an individual applicant or individual insured will not be considered to have a substantial beneficial interest in the applicant or insured unless the child has a separate legal interest in such person."

Since David and Connie Finneman remain husband and wife, any WFRP or MPCI policy purchased by David Finneman personally must include his spouse as an SBI and be purchased as a spousal policy.

Section 2(e)(2(ii) of the Policy requires a policy to be voided when it is determined a SBI holder was not reported on the application. While there are limited circumstances in that section under which the failure to provide all SBI-related information on an application can be corrected if the information is timely provided; the corrections allowed in section 2(e)(2)(ii) are only applicable to SBI's which <u>are</u> reported but the SSN/EIN associated with such SBI was in error.  In the case of the policy referenced above, the SBI holder was omitted completely and, therefore, cannot be corrected and the policy must be voided.  Please refer to Paragraph 212 of the General Standards Handbook (GSH) www.rma.usda.gov/handbooks/18000/2017/17_18190-1h.pdf which states **(bolding added for emphasis)**:

"212 Substantial Beneficial Interest (SBI)
   A. Requirements
   By the SCD [Sales Closing Date], for both new and carryover insureds, all persons (both foreign and domestic) with an interest of at least 10 percent in the insured/applicant must be listed and the applicable identification number provided on the policy/application. **A policy will be void if it does not include all persons with an SBI in the applicant or insured.**"

Please refer to Section 2(d) and (e) of the Policy below **(bolding added for emphasis)**:

"2. Application.
   (d) You must include the following information on your application for insurance or your application will not be accepted and no coverage will be provided:
      (1) The coverage level;
      (2) Your social security number (SSN) if you are an individual.  If you are an individual applicant operating as a business, you may provide an employer identification number (EIN) and you must also provide your SSN;
      (2) Your EIN if you are a person other than an individual;
      (3) The **following for all persons who have a substantial beneficial interest in you:**
         (i) The SSN for individuals; or
         (ii) The EIN for persons other than individuals and the SSNs for all individuals that comprise the person with the EIN if such individuals also have a substantial beneficial interest in you;
      * * *
   (e) With respect to SSNs or EINs required on your application:
      * * *
      (2) With respect to persons with a substantial beneficial interest in you:
         * * *
         (ii)Your policy will be void if the SSN or EIN of any person with a substantial beneficial interest in you is incorrect or is not included on your application and:
            (A) The number is not corrected or provided by you, as applicable;



www.ProAg.com              ProAg/Finneman
                                  0516

*(B) You cannot prove that any error or omission was inadvertent (Simply stating the error or omission was inadvertent is not sufficient to prove the error or omission was inadvertent); or*

*(C) Even after the correct SSN or EIN is provided by you, it is determined that the incorrect or omitted SSN or EIN would have allowed you to obtain disproportionate benefits under the crop insurance program, the person with a substantial beneficial interest in you is determined to be ineligible for insurance, or you or the person with a substantial beneficial interest in you could avoid an obligation or requirement under any State or Federal law; or*

*(D) Except as provided in sections 2(e)(2)(ii)(B) and (C), your policies will not be voided if you subsequently provide the correct SSN or EIN for persons with a substantial beneficial interest in you and the persons are eligible for insurance;"*

**20 Percent Premium Retention.**  Due to coverage being voided, your paid premium, administrative fees, and interest for 2017 are being refunded except for the 20 percent you are required to pay under the policy and which ProAg does not have the authority to waive.  Under Section 42(b) of the policy, referenced below, you are required to pay an amount equal to 20 percent of the premium amount that you would otherwise be required to pay whenever a policy is voided for any reason (**bolding added for emphasis**).

*"42. Voided Policies*

*(a) If voidance of your policy occurs for any reason you must repay any indemnity or replant payment that may have been paid for all applicable insurance years;*

*(b) Even though the policy is void, **you will still be required to pay an amount equal to 20 percent of the premium** that you would otherwise be required to pay to offset costs incurred by us in the service of this policy; and*

*(c) If you previously paid premium or administrative fees, any amount in excess of the amount required in (b) will be returned to you."*

Enclosed please find a check in the amount of $3,503.18 representing the total premium, administrative fees, and interest you paid less 20% of the premium as shown below:

| | | |
|---|---|---|
| Premium | $4,209.00 | 20% = $841.80 |
| Administrative Fees | $30.00 | |
| Interest | $105.98 | |
| Total Paid | $4,344.98 | |
| Less 20% Premium | - $841.80 | |
| Refund Check Amount | $3,503.18 | |

**Your Policy Rights.**  ProAg based its above determinations on the information made available to us or discovered by us in fulfilling its obligations under RMA procedure.  If any of that information is incorrect or there is additional information that should have been taken into consideration, please let us know.  Should you not agree with the determinations made by ProAg with respect to your claim, the federal policy requires mediation and/or arbitration of such disputes. Specifically, Section 33 of the Whole-Farm Revenue Pilot Policy provides in part, "If you and we fail to agree on any determination made by us [ProAg] except those specified in section 33(d) [determinations relating to good farming practices] or (e), the disagreement may be resolved through mediation in accordance with section 33(g).  If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 33(c) and (f), and unless rules are established by FCIC for this purpose."  I refer your attention to Section 33 of the enclosed Whole Farm Revenue Protection Pilot Policy Provisions for a more thorough explanation and analysis of the federal policy's mediation/arbitration requirements.  Additionally, RMA has provided guidance concerning the arbitration process in its Manager's Bulletins Nos.: MGR-12-003.1 and MGR-17-018, which can be found by accessing the RMA website at www.rma.usda.gov/bulletins/managers/.



ProAg/Finneman
0517

By this letter, ProAg does not waive or relinquish any other defenses or basis for claim denial which may be available to it under the terms of the federal crop insurance policy.  Nor does ProAg waive or relinquish any rights, benefits, or defenses available to it under the FCIA and attendant federal regulations; RMA policies, procedures, or directives; or any other provisions of either applicable federal or state law.

We regret a more favorable outcome could not be reached with respect to your policy and claim.  Should you have questions or additional information regarding your policy or claim please respond in writing to the address on the letterhead.

Sincerely,

Glenn Anderson
Central Claims Manager


Enclosures: Whole-Farm Revenue Protection Pilot Policy
                     Revised 2017 Schedule of Insurance
                     Premium Refund Check

Copy: Pickard Enterprises-Stuart Hofer Agent