# In Arbitration

---

David Finneman

       Claimant,

v.

Producers Agriculture
Insurance Company,

       Respondent.

---

## Order on Motion for Summary Disposition

Claimant David Finneman commenced this arbitration seeking coverage under a Whole-Farm Revenue Protection insurance policy issued by Respondent Producers Agriculture Insurance Company ("ProAg") for the 2017 crop year. He seeks indemnity of no less than $147,096 under his ProAg crop insurance policy No. 2017-46-987-1029811. ProAg has now denied his claim on a number of grounds, including failure to list Mr. Finneman's spouse, Connie Finneman, as a person having a "substantial beneficial interest" ("SBI"). ProAg now seeks a summary determination that Mr. Finneman's claim was properly denied on that basis.

The parties submitted briefing, evidence, and arguments. A hearing was held on January 7, 2021.

### Background

Mr. Finneman's farm is located in South Dakota. He testifies by affidavit that, when he was applying for the insurance policy in question, he discussed in detail with

1

EXHIBIT 10

Pro Ag's agent, Stuart Hoefer, that his wife did not hold or assert any right or interest in his farming operation and did not want to participate in any USDA program or federally-reinsured crop insurance. At Mr. Hoefer's suggestion, Mr. Finneman consulted South Dakota counsel to draw up a separation agreement.

James Hurley, Esq., of Bangs, McCullen, Butler, Foye & Simmons LLP drafted a separation agreement, which was then executed by Mr. and Ms. Finneman. The agreement notes that they had one child, now over 40 years old. They state that their marriage may be irretrievably broken, and they desire to settle all aspects of their marital rights and affairs. They agree to "lead separate lives" and be free of control of the other as if they were single. They further agree that Mr. Finneman will make certain spousal maintenance payments, and they divide up their marital property. They clarify their rights to separate ownership of other property, including Mr. Finneman's sole ownership of his farming entity free of any claim Ms. Finneman may have to that entity. They further waive inheritance rights, agree to file separate tax returns, and provide a full release of claims. In short, the agreement seeks to make them as separate as the law allows. Mr. Finneman provided this agreement to Pro Ag's agent, and who placed it in Mr. Finneman's file.

As noted, ProAg denied Mr. Finneman's insurance claim for failure to name Ms. Finneman in the application.

### Discussion

For its denial, Pro Ag relies on a provision of the policy at issue which states "[t]he spouse of any individual applicant or individual insured will be presumed to

have a substantial beneficial interest in the applicant or insured unless the spouses can prove they are *legally separated or otherwise legally separate under the applicable state dissolution of marriage laws.*" Policy, § 1 (emphasis added). The Federal Crop Insurance Corporation ("FCIC") interpreted the phrase "legally separated or otherwise legally separate" in FAD-049. It determined that it:

> agrees in part with the interpretation of "legally separated" in that it applies to a husband and wife that have dissolved or are in the process of dissolving the marriage and have legally separated under state law. In this regard, FCIC considers a married couple that has agreed to a divorce a *mensa et thoro*[1] to be legally separated. As per the terms of the Basic Provisions, if the spouses prove that they are "legally separated," the non-policyholder spouse is not considered to have a substantial beneficial interest.
>
> As per the terms of the Basic Provisions, if the spouses prove that they are otherwise considered to be legally separate under their state law, the non-policyholder spouse is not considered to have a substantial beneficial interest.

ProAg argues that the Finneman's do not meet the requirement that they "have dissolved or are in the process of dissolving the marriage" because, when Mr. Finneman applied for the policy, the Finnemans they had not begun dissolution proceedings.

ProAg argues that the Finnemans also fail to meet the alternative possibility that they "prove that they are otherwise considered to be legally separate under state law." It concedes that under South Dakota law "spouses are entitled to maintain their property separate and apart and are entitled to do with it as they see fit." *See Billion v. Billion,* 553 N.W.2d 226, 230 (S.D. 1996). But it contends that, under South Dakota law, agreements to modify spousal support are always subject to rejection by

---

[1] *This is a partial or qualified divorce in which the spouses are separated and forbidden to cohabitate but the marriage itself is not affected.

3

the court, and if approved, later modification. *See Id.* at 231. Thus, ProAg concludes, the Finneman's marital status was not altered and they were not, therefore, "legally separate" under South Dakota law.

I disagree.

ProAg's argument proves too much. South Dakota law does, in fact, allow a court to "compel one party to make such suitable allowance to the other party for support during the life of that other party or for a shorter period, as the court may deem just,..." *Id.* at 231. But this modification by the court is possible even after a divorce is granted. *Id.* The theoretical modification of the possible terms of separation — which would also apply even in the case of a judicially granted divorce— does not establish that the Finneman's were not legally separate under South Dakota law. As noted, divorced couples are deemed to be "legally separate," under FAD 049. If the possible modification of support does not keep a divorce from rendering former spouses legally separate, neither should it keep couples who are otherwise separated under South Dakota law to be considered "legally separate."

In fact, South Dakota law specifically allows parties by contract to agree to an immediate separation. They may alter their legal relations as to property and support, and may agree to live separately. S.D. Codified Laws § 25-2-13. Thus, they can be legally separate. They cannot, of course, grant themselves a divorce without court intervention. *Id.* But neither the policy nor FAD 049 require that spouses have a divorce decree in place to avoid a spouse being considered to have an SBI. As noted,

4

divorces and partial divorces were considered in FAD 049 to meet the "legally separate" requirement.

## ORDER

For the reasons stated above it is ordered that:

1. ProAg's motion for summary disposition is **denied.**

2. The parties shall confer and propose a schedule for the remaining prehearing activities and a new hearing date. They shall provide their proposal (or proposals as to any items on which they cannot agree) to the Arbitrator by **January 29, 2021**.

Dated:  January 13, 2020

_____
David A. Allgeyer, Arbitrator