# Law Office of
# Wendell L. Hoskins II

**404 Ward Avenue**
**Post Office Box 1115**
**Caruthersville, Missouri 63830**

**Wendell L. Hoskins II** ᵅ ᵝ ᵞ

Telephone   (573) 333-2600
Fax          (573) 333-2041
www.WendellHoskins.com

October 7, 2022

ᵅ Also Admitted in Arkansas
ᵝ Also Admitted in Mississippi
ᵞ Also Admitted in Tennessee

**Arkansas Office:**
118 West Walnut
Blytheville, Arkansas 72316

**VIA EMAIL & U.S. MAIL**
**heather.manzano@usda.gov**

Ms. Heather Manzano
Deputy Administrator of Compliance
USDA Risk Management Agency
Stop 0806
1400 Independence Avenue, S.W.
Washington, D.C. 20250-0806

Re: *David Finneman v. Producers Ag*
    In Private Arbitration Pursuant to MGR-12-003.1
    Before the Honorable David Allgeyer
    AIP: Producers Agriculture Insurance Company
    Policy No.: 46-987-1029811
    Claim No.: 17010109
    Date of Determination: April 20, 2018
    Date of Arbitration Award: June 20, 2022

    *Producers Agriculture Insurance Co. v. David Finneman*
    United States District Court of South Dakota, Western Division
    Case No. 5:22-CV-05062-KES

Dear Deputy Administrator Manzano:

My client David Finneman recently concluded the above styled arbitration pursuant to *Manager's Bulletin MGR-12-003.1* and §33 of the *Whole-Farm Revenue Protection Policy*. By Arbitration Award dated June 20, 2022 (erroneously dated by the arbitrator as "June 20, 2020"), the Honorable David A. Allgeyer awarded my client indemnity under Pro Ag Policy No. 46-987-1029811, Claim No. 17010109.

**EXHIBIT 12**

Ms. Heather Manzano
Deputy Administrator of Compliance
USDA Risk Management Agency
Page 2
October 7, 2022

On July 19, 2022, Respondent Pro Ag filed its Petition to Vacate or, In the Alternative, Nullify, Arbitration Award in the United States District Court for the District of South Dakota, Western Division, Case No. 5:22-CV-5062.  Defendant David Finneman's responsive pleading is due no later than October 11, 2022.  My client has this date filed the attached Answer and Counterclaim for an Order confirming the arbitration award, or in the alternative, compensatory damages, punitive damages and attorney's fees and costs as permitted under 7 CFR §400.352(b)(4).  In the meantime, my client has responded to Pro Ag's recent Request for Review of Arbitration Award that was filed separately pursuant to 7 CFR §400.766(b)(3) and (b)(4).

Please consider this a formal request pursuant to §33 of the *WFRP Policy* and 7 CFR §400.352(b)(4), and applicable federal regulations for determination that approved insurance provider (AIP) Producers Agriculture Insurance Company failed to comply with the terms of my client's 2017 federally reinsured crop insurance policy and the procedures of the Federal Crop Insurance Corporation (FCIC), resulting in my client's receiving payment in an amount less than the amount to which he was entitled.

In accordance with Final Agency Determination FAD-193 and Manager's Bulletin MGR-14-010, I have enclosed a thumb drive containing copies of all pleadings and filings from the arbitration proceeding, the complete record from the subject arbitration, including all briefs and filings, and the June 20, 2022, Findings, Determinations and Award of the Honorable David A. Allgeyer (labeled and itemized in separate files and sub-folders).  The enclosed thumb drive also includes all filings in the separate federal civil action, Case No. 5:22-CV-5062, as well as Pro Ag's Subpart X Request for Review of Arbitration.

As that you can see, Pro Ag seeks to nullify the arbitration award based upon the Arbitrator's decision to recognize David Finneman and C & D Acres, LLC as separate entities and farming operations for **both** underwriting purposes and claims purposes.  That is, the C & D Acres, LLC revenue potential for 2017 should have been included in the calculation of the Approved Revenue for 2017.  If the June 20, 2022, Findings, Determinations and Award cannot be confirmed pursuant to 9 U.S.C. §9, then Finneman is entitled to a determination pursuant to §33 of the *WFRP Policy* and 7 CFR §400.352(b)(4) that Pro Ag's recognition of David Finneman and C & D Acres, LLC as separate entities and farming operations for underwriting purposes but inclusion of both operations' income for calculating Finneman's WFRP indemnity (even when Pro Ag issued separate policies to these entities in the same year) constitute a failure to comply the terms of the WFRP Policy and/or procedures issued by FCIC.  That failure of Pro Ag to comply with the terms of the policy and/or procedures resulted in Finneman receiving indemnity in an amount less than he was entitled – an amount not less than $101,178.

Ms. Heather Manzano
Deputy Administrator of Compliance
USDA Risk Management Agency
Page 3
October 7, 2022

If anything further is necessary in this regard, please do not hesitate to contact me.

Sincerely,

*Wendell L. Hoskins II*

Wendell L. Hoskins II
Wendell@WendellHoskins.com
WLH/as
encl.
cc: Jeffrey S. Dilley, Esq. (via email)