IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

PRODUCERS AGRICULTURE
INSURANCE COMPANY,

        Petitioner,

v.

DAVID FINNEMAN,

        Respondent.

CASE NO.: 5:22-cv-05062-KES

## ANSWER TO COUNTERCLAIM

COMES NOW the Petitioner, Producers Agriculture Insurance Company ("ProAg"), by and through counsel, and responds to the Counterclaim filed herein by the Respondent, David Finneman, ("Respondent"), as follows:

### FIRST DEFENSE

The Counterclaim fails, either in whole or in part, to state a claim upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

The claims asserted in the Counterclaim are barred, either in whole or in part, by the determination issued by the Risk Management Agency's Deputy Administrator of Product Management ("DAPD") on October 20, 2022, a true and complete copy of which is attached as Exhibit 1.

### THIRD DEFENSE

Based on DAPD determination (Exhibit 1), the arbitration award rendered on June 20, 2022 (the "Award") is a nullity.  *See* 7 C.F.R. § 400.766(b)(4)(ii)(A).

**FOURTH DEFENSE**

ProAg responds paragraph by paragraph to the allegations of the Counterclaim as follows:

**STATEMENT OF FACTS**

1.     The allegations in paragraph 1 are admitted.

2.     ProAg is without sufficient information to admit or deny the allegations in paragraph 2 and therefore denies the same.

3.     It is admitted that for the 2017 crop year ProAg issued a Whole-Farm Revenue Protection ("WFRP") policy to Respondent and certain Multiple Peril Crop Insurance ("MPCI") policies to C & D Acres, LLC ("C&D"). ProAg is without sufficient information to admit or deny the remaining allegations in paragraph 3 and therefore denies the same.

4.     ProAg is without sufficient information to admit or deny the allegations in paragraph 4 and therefore denies the same.

5.     ProAg is without sufficient information to admit or deny the allegations in paragraph 5 and therefore denies the same.

6.     It is admitted that ProAg issued the MPCI policies listed in paragraph 6 to C&D for crop year 2017. ProAg is without sufficient information to admit or deny the remaining allegations in paragraph 6 and therefore denies the same.

7.     ProAg admits that Respondent provided Farm Operation Reports to ProAg certifying 316 acres of non-irrigated corn and 280 acres of non-irrigated safflower in crop year 2017 in Pennington County, South Dakota. ProAg is without sufficient information to admit or deny the remaining allegations in paragraph 7 and therefore denies the same.

8.     It is admitted that for the 2017 crop year in Pennington County, South Dakota, MPCI coverage was available for safflower but not available for non-irrigated corn grown for grain.  It is also admitted that Respondent did not obtain an MPCI policy from ProAg for his 2017 safflower crop in Pennington County, South Dakota.  ProAg is without sufficient information to admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9.     It is admitted that ProAg accepted Respondent's 2017 WFRP application and that Exhibit 2 to the Answer and Counterclaim (ECF Doc. 12-2) is a preliminary Schedule of Insurance reflecting information certified by Respondent in his application, Whole-Farm History Report, and Intended Farm Operation Report.  The Schedule of Insurance (ECF Doc. 12-2) speaks for itself, and ProAg denies all allegations in paragraph 9 inconsistent therewith.

10.     ProAg admits the contents of the Schedule of Insurance (ECF Doc. 12-2), which speaks for itself, but denies all allegations in paragraph 10 inconsistent therewith.

11.     The allegations in paragraph 11 are denied.

12.     ProAg is without sufficient information to admit or deny the allegations in paragraph 12 and therefore denies the same.

13.     ProAg admits the contents of its determination letter (ECF Doc. 12-9), which speaks for itself, but denies all allegations in paragraph 13 inconsistent therewith.

14.     ProAg admits the contents of its determination letter (ECF Doc. 12-9), which speaks for itself, but denies all allegations in paragraph 14 inconsistent therewith.

15.     The allegations in paragraph 15 are admitted.

16.     The allegations in paragraph 16 are denied.

17.     The allegations in paragraph 17 are admitted.

18.     The allegations in paragraph 18 are admitted.

**COUNT I – APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD**

19.     The allegations in paragraph 19 are denied.

20.     ProAg admits that the Award was not procured by corruption or undue means but denies the assertion that it is not flawed.

21.     The allegations in paragraph 21 are admitted.

22.     The allegations in paragraph 22 are admitted.

23.     The allegations in paragraph 23 are denied.

24.     The allegations in paragraph 24 are admitted.

25.     The allegations in paragraph 25 rest in law not fact and therefore require no response. If mistaken and a response is required,  these allegations are denied.

26.     The allegations in paragraph 26 are denied.

27.     ProAg denies that grounds exist for confirmation of the Award.

Responding to the prayer in the unnumbered paragraph immediately following paragraph 27, ProAg denies that Respondent is entitled to an Order confirming the Award and affirmatively states that the Award must be vacated and/or nullified for the reasons set forth in its Petition (ECF Doc. 1).

**COUNT II – JUDICIAL REVIEW**

28.     The allegations in paragraph 28 are admitted.

29.     ProAg admits the contents of the WFRP Policy, which speaks for itself, but denies all allegations in paragraph 29 inconsistent therewith.

30.     ProAg denies that Respondent is entitled to any relief by way of judicial review of the Award.

31.     ProAg admits the contents of its Request for Review of Arbitration Award as well as FAD-282, which speak for themselves, but denies all allegations in paragraph 31 inconsistent therewith.

32.     ProAg admits the contents of the 7 C.F.R. § 400.352, which speaks for itself, but denies all allegations in paragraph 32 inconsistent therewith.

33.     The allegations in paragraph 33 are admitted.

34.     The allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

36.     The allegations in paragraph 36 are denied.

37.     The allegations in paragraph 37 are denied.

38.     The allegations in paragraph 38 are denied.

Responding to the prayer in the unnumbered paragraph immediately following paragraph 38, ProAg denies that Respondent is entitled to recover damages or obtain relief in any amount or kind, whether legal or equitable.

## COUNT III - NEGLIGENCE

39.     ProAg restates and incorporates herein its responses to the allegations of the preceding paragraphs of the Counterclaim in response to Respondent's repeating and re-alleging the same in paragraph 39.

40.     The allegations in paragraph 40 are denied.

41.     The allegations in paragraph 41 are denied.

42.     The allegations in paragraph 42 are denied.

43.     The allegations in paragraph 43 are denied.

44.     The allegations in paragraph 44 are denied.

5

Responding to the prayer in the unnumbered paragraph immediately following paragraph 44, ProAg denies that Respondent is entitled to recover damages or obtain relief in any amount or kind, whether legal or equitable.

### COUNT IV – NEGLIGENT MISREPRESENTATION

45.   ProAg restates and incorporates herein its responses to the allegations of the preceding paragraphs of the Counterclaim in response to Respondent's repeating and re-alleging the same in paragraph 45.

46.   The allegations in paragraph 46 are denied.

47.   The allegations in paragraph 47 are denied.

48.   The allegations in paragraph 48 are denied.

49.   The allegations in paragraph 49 are denied.

50.   The allegations in paragraph 50 are denied.

Responding to the prayer in the unnumbered paragraph immediately following paragraph 50, ProAg denies that Respondent is entitled to recover damages or obtain relief in any amount or kind, whether legal or equitable.

### COUNT V -  WAIVER AND ESTOPPEL

51.   ProAg restates and incorporates herein its responses to the allegations of the preceding paragraphs of the Counterclaim in response to Respondent's repeating and re-alleging the same in paragraph 51.

52.   The allegations in paragraph 52 are denied.

53.   The allegations in paragraph 53 are denied.

54.   The allegations in paragraph 54 are denied.

Responding to the prayer in the unnumbered paragraph immediately following paragraph 54, ProAg denies that Respondent is entitled to recover damages or obtain relief in any amount or kind, whether legal or equitable.

**COUNT VI - REFORMATION**

55.    ProAg restates and incorporates herein its responses to the allegations of the preceding paragraphs of the Counterclaim in response to Respondent's repeating and re-alleging the same in paragraph 55.

56.    The allegations in paragraph 56 are denied.

57.    The allegations in paragraph 57 are denied.

58.    The allegations in paragraph 58 are denied.

Responding to the prayer in the unnumbered paragraph immediately following paragraph 58, ProAg denies that Respondent is entitled to recover damages or obtain relief in any amount or kind, whether legal or equitable.

**DEMAND FOR JURY TRIAL**

Respondent's jury demand does not require a response.

ProAg denies each and every allegation of the Counterclaim not specifically admitted, denied, or explained.  ProAg further denies each and every allegation of the Counterclaim by which Respondent seeks to impose liability upon it.

**AFFIRMATIVE DEFENSES**

1.    The sole proximate cause or proximate contributing cause of Respondent's losses or damages, if any, was Respondent's own negligent and/or intentional conduct, which is pled as a complete bar to recovery or in diminution thereof.

7

2.     Alternatively, any losses incurred by Respondent were the result of the negligent and/or intentional acts or omissions of a third party or parties for whose conduct ProAg cannot be held liable, which is pled as a complete bar to recovery or in diminution thereof.

3.     Through his own acts and/or omissions, Respondent failed to comply with conditions precedent under the terms of the subject WFRP Pilot Policy.

4.     All matters in dispute between Petitioner and Respondent are subject to Section 33 ("Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review") of the subject WFRP Pilot Policy.  Defendant ProAg affirmatively pleads all rights, remedies, and restrictions imposed on the parties under Section 33, including but not limited to the arbitration requirement, restrictions as to amounts and types of amounts awardable through arbitration or judicial review, the binding nature of FCIC policy and procedural interpretations, and the preemption of extra-contractual damages absent FCIC authorization.

5.     All matters in dispute between Petitioner and Respondent have been resolved in ProAg's favor on the basis of the FCIC interpretation issued in response to ProAg's Request for Review of Arbitration Award (Exhibit 1, pp. 3-4).

6.      Respondent's claims for recovery under state law are preempted, barred, and/or limited by federal statute and regulation, including but not limited to 7 U.S.C. §1506(l) and 7 C.F.R. §400.352.

7.     ProAg pleads all conditions, provisions, terms, and exclusions of the WFRP Pilot Policy as well as all applicable procedures and provisions of federal law.

8.     ProAg asserts all defenses, privileges, and protections available to it under the Federal Crop Insurance Act, 7 U.S.C. §1501 *et seq.,* and all applicable provisions of the Code of Federal Regulations, including but not limited to 7 C.F.R. Part 400, Subparts P and X.

9.    Some or all of Respondent's claims may be barred by applicable statute of limitation periods and/or statutory provisions.

10.    Some or all of Respondent's claims may be barred, in whole or in part, by the failure to mitigate any damages allegedly sustained.

11.    Some or all of Respondent's claims may be barred, in whole or in part, by Respondent's failure to plead with sufficient particularity.

12.    If Respondent sustained any injuries or damages, or incurred any expenses, such were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by ProAg and for which ProAg is not liable.

13.    Respondent's damages, if any, occurred as a result of circumstances over which ProAg had no control.

14.    ProAg sold and serviced the subject federal crop insurance policy at issue herein in full and complete accordance with the terms and conditions of the policy and accompanying federally-mandated procedures.  Further, ProAg adjusted the claim at issue in full and complete accordance with the terms and conditions of the policy and federally-mandated procedures, and Respondent received all benefits due him under the subject policy.  Accordingly, no further amounts are due and owing to Respondent.

15.    Punitive damages cannot be justified herein, and any award of punitive damages against ProAg would be in violation of safeguards provided under the United States Constitution and the Constitution of the State of South Dakota.

16.    ProAg expressly reserves the right to assert additional affirmative defenses in this action as warranted by the disclosure of additional facts and circumstances.

AND NOW, having fully responded to the Counterclaim and having alleged affirmative matter, ProAg again denies that it is liable to Respondent for the damages sought herein or any amount or relief whatsoever and respectfully requests that the Counterclaim be dismissed, that all costs associated therewith be taxed against Respondent, and that the Court grant such other and further relief as it deems proper.

Dated: October 28, 2022

Respectfully submitted,

SIEGEL, BARNETT & SCHUTZ, L.L.P.

*/s/ Reed Rasmussen*
Reed Rasmussen
415 S. Main Street, Suite 400
PO Box 490
Aberdeen, SD  57402-0490
Telephone No. (605) 225-5420
Facsimile No. (605) 226-1911
rrasmussen@sbslaw.net

Jeffrey S. Dilley
Henke-Bufkin Law Firm, P.A.
P.O. Box 39
Clarksdale, MS 38614
Telephone:  (662) 624-8500
Facsimile:  (662) 624-8040
E-mail:  jsd@henke-bufkin.com

***Attorneys for Producers Agriculture***
***Insurance Company***

10