

# Exhibit 1

**United States Department of Agriculture**

Farm Production and Conservation

Risk Management Agency

Beacon Facility
Mail Stop 0801
P.O. Box 419205
Kansas City,
MO 64141-6205

October 20, 2022

Jeffrey S. Dilley
W. Kurt Henke
Elizabeth T. Bufkin
Henke-Bufkin Law Firm, P.A.
P.O. Box 39
Clarksdale, MS 38614
Phone: 662-624-8500
wkh@henke-bufkin.com
etb@henke-bufkin.com
jsd@henke-bufkin.com

**Subject:** Request for Federal Crop Insurance Corporation (FCIC) Review of Arbitration Award regarding David Finneman

**Policy Year:** 2017
**Policy:** Whole-Farm Revenue Protection (corn and safflower)

Dear Mr. Dilley, Mr. Henke, and Ms. Bufkin:

Thank you for your July 18, 2022, letter requesting a review of an arbitration award on behalf of Producers Agriculture Insurance Company. The documentation submitted is related to the Award of Arbitrator, dated June 20, 2020, regarding the dispute between David Finneman, represented by Wendell L. Hoskins II (Claimant) and Producers Agriculture Insurance Company, represented by your firm (Respondent).

Parties to an arbitration decision based on a disputed policy provision may request a Federal Crop Insurance Corporation (FCIC) review to determine if a final agency determination or interpretation of policy should have been sought under the regulations contained in 7 C.F.R. § 400.766(b)(4). If there is a dispute concerning the meaning or applicability of any policy provision, section 33(a)(1) of the Whole-Farm Revenue Protection (WFRP) Pilot Policy requires program participations to seek an FCIC interpretation of that policy provision, even if the dispute arises after an arbitration award is rendered.

After reviewing the arbitration decision in this matter, we have determined that the decision involved a disputed policy provision. Disagreement about the disputed provision gives rise to two interpretive questions: 1) Whether the WFRP policy and handbook require revenue attributable to commodities grown by a disregarded entity to be considered as part of the insured's allowable revenue for WFRP purposes, and 2) Whether Line 2 of an insured's Schedule F income reported under a single taxpayer identification number must be entered in the Allowable Revenue Worksheet. These are questions about the meaning of policy terms. Resolving these questions is the exclusive province of FCIC, which ensures consistent implementation of the

Enclosure                                                                                       Page 2
FCIC Interpretation of Procedure

Federal Crop Insurance Program nationwide. Accordingly, an FCIC interpretation of those provisions is required by law.

Attached please find FCIC's interpretation of the disputed policy provisions. With this interpretation in hand, you may proceed to resolve the dispute in accordance with applicable law. Consistent with 7 C.F.R. § 400.768, FCIC interpretations do not include analysis of whether the insured or insurance provider complied with the policy provisions in question. Rather, FCIC interpretations are limited to explaining what provisions mean without applying interpretations to the specific facts of any individual case. All written FCIC interpretations are binding on the parties to the dispute, including the arbitrator, mediator, judge, or NAD under 7 C.F.R. § 400.766(b)(2).

Please refer to the attached enclosure for FCIC's interpretation.

Sincerely,

RICHARD FLOURNOY
Digitally signed by RICHARD FLOURNOY
Date: 2022.10.20 06:29:00 -05'00'

Richard H. Flournoy
Deputy Administrator
Product Management

Enclosure Page 3
FCIC Interpretation of Procedure

**Risk Management Agency Interpretation of Federal Crop Insurance Corporation (FCIC) Provisions**:

**Subject:**  This request, to the Risk Management Agency (RMA) for an interpretation of the definition of "farm operation" and section 10(a)(2) of the 2017 Whole-Farm Revenue Protection (WFRP) Pilot Policy and handbook on whether revenue attributable to commodities grown by a disregarded entity is required to be considered as part of the insured's allowable revenue for WFRP purposes.

The relevant policy provisions are:

1. ***Definitions***

    \*\*\*\*\*

    ***Disregarded entity*** *- A single-member tax entity that does not elect to be treated as a corporation for income tax purposes and files taxes under another entity name.*

    \*\*\*\*\*

    ***Farm operation*** *- All farming activities for which revenue and expenses are reported to the IRS under a single taxpayer identification number will be considered a single farm operation for WFRP purposes (e.g., a partnership filing a U.S. tax return for partnership income that includes revenue and expenses from separate row crop, perennial crop and livestock farms is a single farm operation because it files one tax return).*

3. ***Qualifying Person Criteria and Insurance Eligibility.***

    \*\*\*\*\*

    (f)  *Disregarded entities are not considered qualifying persons. Allowable revenue from disregarded entities may be insured by an entity that files farm tax forms that includes such revenue.*

10. ***Allowable Revenue***
    (a)  *Allowable revenue for WFRP purposes is limited to the revenue from:*

    \*\*\*\*\*

    (2)  *The sales of animals, produce, grains and other commodities you raised. (Line 2 of Schedule F.);*

23. ***Our Duties in the Event of Damage or Loss.***

    \*\*\*\*\*

    (c)  *We will use your farm tax forms for the year of insurance to calculate your allowable revenue and allowable expenses for the insurance year on the Allowable Revenue Worksheet and the Allowable Expense Worksheet.*

Enclosure  Page 4
FCIC Interpretation of Procedure
\*\*\*\*\*

### 25. *Claim for Indemnity.*

\*\*\*\*\*

*(e) To calculate your revenue-to-count we will:*

*(1) Determine your allowable revenue from your farm tax forms for the insurance year using the Allowable Revenue Worksheet;*

\*\*\*\*\*

### Interpretation Submitted by Requestor(s)

The requestor's interpretation is that revenue from disregarded entities is considered to be part of the farm operation of the entity filing tax forms which include such revenue. Disregarded entities are not considered qualifying persons for WFRP, but revenue generated by those entities can be insured by the entity filing taxes which includes such revenue. Therefore, revenue from disregarded entities is included as allowable revenue for an insured entity which reports such revenue to IRS under Section 10(a)(2) of the WFRP Policy and is included as allowable revenue when calculating the revenue-to-count of the insured entity when determining a claim for indemnity.

### Federal Crop Insurance Corporation Determination

FCIC agrees with the requestor's interpretation. In accordance with the definitions of disregarded entity and farm operation contained in section (1) of the WFRP Pilot Policy, a disregarded entity which does not file a separate tax return is part of the farm operation of the tax entity which files a tax return including revenue from that disregarded entity and all revenue reported on Line 2 of the tax entity's Schedule F is considered allowable revenue for that tax entity. Accordingly, revenue from the sales of animals, produce, grains, and other commodities generated by that disregarded entity are considered allowable revenue for the insured entity and must be included when calculating the claim for indemnity of the insured entity.

In accordance with section 33(a)(1) of the WFRP Pilot Policy, this FCIC interpretation is generally applicable and binding in any mediation or arbitration. In accordance with section 33(a)(1), any appeal of this interpretation must be in accordance with 7 C.F.R. part 11.