IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| PRODUCERS AGRICULTURE INSURANCE COMPANY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>DAVID FINNEMAN,<br><br>　　　　　Respondent. | CASE NO.: 5:22-cv-05062-KES |

**PETITIONER'S STATEMENT OF MATERIAL FACTS**

COMES NOW the Petitioner, Producers Agriculture Insurance Company ("ProAg"), and, in accordance with D.S.D. Civ. LR 56.1, submits the following statement of the material facts as to which ProAg contends there is no genuine issue for trial. Record citations are to the Affidavit of Vikki Blettner ("Blettner Aff.") and the exhibits to that affidavit ("Ex. 1," "Ex. 2," etc.), all of which are filed as attachments to ProAg's Motion for Summary Judgment:

1. Effective for the 2017 insurance year, ProAg issued a Whole-Farm Revenue Protection ("WFRP") policy to David Finneman ("Finneman"). Blettner Aff., ¶ 2.

2. WFRP policies are governed by the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq., and attendant regulations published at Title 7, Subtitle B, Chapter IV of the Code of Federal Regulations. Blettner Aff., ¶ 3.

3. The terms of coverage applicable to the subject policy are contained in a standard form insurance contract known as the 2017 Whole-Farm Revenue Protection Pilot Policy ("WFRP Pilot Policy"). Blettner Aff., ¶ 4; Ex. 1.

4. Section 33(a) of the WFRP Pilot Policy provides that (subject to two exceptions, neither of which was applicable to the underlying controversy) all disputes relating to the insurer's determinations under the policy "must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA)." *See* Ex. 1.

5. While requiring arbitration of disputed determinations, the WFRP Pilot Policy precludes an arbitrator from interpreting the policy or the procedures used in administering the policy. Specifically, section 33(a)(1) of the WFRP Pilot Policy states: "[I]f the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC." *See* Ex. 1.

6. Finneman disputed certain determinations rendered by ProAg with respect to his 2017 WFRP policy. Blettner Aff., ¶ 5.

7. In accordance with section 33(a) of the WFRP Pilot Policy, these disputes were submitted to a privately-administered arbitration, which was conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Blettner Aff., ¶ 6.

8. Finneman and ProAg selected Minneapolis attorney David Allgeyer to serve as the arbitrator. Blettner Aff., ¶ 7.

9. The arbitrator issued his award on June 20, 2022. Blettner Aff., ¶ 8; Ex. 2.

10. ProAg submitted to the FCIC a request to review the award on July 19, 2022. The request was submitted in accordance with 7 C.F.R. Part 400, Subpart X. Blettner Aff., ¶ 9; Ex. 3.

11. In response to ProAg's request, the FCIC issued determinations and an accompanying WFRP policy interpretation on October 20, 2022. Blettner Aff., ¶ 10; Ex. 4.

12. Finneman submitted a request to the FCIC on October 7, 2022, seeking authorization under 7 C.F.R. § 400.352(b)(4) to pursue the extra-contractual damages (compensatory damages, punitive damages, and attorney's fees and costs) sought in his Counterclaim. Blettner Aff., ¶ 11; Ex. 5.

13. By letter dated October 31, 2022, the FCIC (acting through RMA's Office of Compliance) declined to issue a determination authorizing Finneman to pursue extra-contractual damages, finding that such a determination was not authorized under the 2017 WFRP Pilot Policy. Blettner Aff., ¶ 12; Ex. 6.

14. Finneman sought administrative review before the National Appeals Division of the FCIC's decision that it was not authorized to issue a determination to support the pursuit of extra-contractual damages. On February 22, 2023, NAD Administrative Judge Ryan M. Eagleson issued a determination that the FCIC's decision was not erroneous. Blettner Aff., ¶ 13; Ex. 7.

15. Finneman appealed the Administrative Judge's determination to the Director of NAD. On April 25, 2023, the NAD Director, Frank M. Wood, upheld the Administrative Judge's appeal determination. Blettner Aff., ¶ 14; Ex. 8.

Dated: September 21, 2023            Respectfully submitted,

                                                              SIEGEL, BARNETT & SCHUTZ, L.L.P.

                                                              */s/ Reed Rasmussen*
                                                              Reed Rasmussen
                                                              415 S. Main Street, Suite 400
                                                              PO Box 490
                                                              Aberdeen, SD  57402-0490
                                                              Telephone No. (605) 225-5420
                                                              Facsimile No. (605) 226-1911
                                                              rrasmussen@sbslaw.net

                                                              - AND -

                    Jeffrey S. Dilley
                    Henke-Bufkin Law Firm, P.A.
                    P.O. Box 39
                    Clarksdale, MS 38614
                    Telephone:  (662) 624-8500
                    Facsimile:  (662) 624-8040
                    E-mail:  jsd@henke-bufkin.com

                    ***Attorneys for Producers Agriculture Insurance Company***