IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

PRODUCERS AGRICULTURE
INSURANCE COMPANY,

      Plaintiff,

v.              Case No. 5:22-CV-05062-KES

DAVID FINNEMAN,

      Defendant.

---

**DEFENDANT DAVID FINNEMAN'S MEMORANDUM BRIEF
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

## I.  INTRODUCTION

Before this Court are competing motions for summary judgment submitted by Plaintiff Producers Agriculture Insurance Company ("Pro Ag") and Defendant David Finneman.  Plaintiff Pro Ag seeks to vacate, and Defendant Finneman seeks to confirm, the June 20, 2022, Findings, Determinations, and Award of the duly-authorized and appointed arbitrator, David A. Allgeyer, under a 2017 Whole Farm Revenue Protection (WFRP) policy.  Plaintiff Pro Ag, having lost at arbitration, now seeks to vacate the arbitration award on the grounds that the arbitrator exceeded the scope of his authority under the 2017 WFRP.  However, based upon controlling legal authority from the Eighth Circuit Court of Appeals, including authority cited to and relied upon by the arbitrator, the arbitration award must be confirmed pursuant to the Federal Arbitration Act, 9 USC §9.

Also presented to this Court in Plaintiff Pro Ag's Motion for Summary Judgment is the question of federal preemption and the availability of Defendant Finneman's state law causes of

action asserted sought as alternative relief to the mandatory arbitration of his contractual claims against Pro Ag. However, inasmuch as vacatur, or "automatic nullification," of the subject arbitration award would require remand to the arbitrator for further proceedings in light of the policy interpretation from the Federal Crop Insurance Corporation ("FCIC"), and because the question of what extra-contractual, extra-arbitration relief is available under the 2017 WFRP policy is the subject of a separate pending civil action before this Court in *David Finneman v. United States Department of Agriculture, et al.*, Case No. 5:23-cv-5034, it is the view of the Defendant that the Court need not address that issue at this juncture. Nevertheless, Defendant Finneman has fully briefed that issue as well.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In crop year 2017, Defendant David Finneman applied for and was issued a policy of Whole Farm Revenue Protection (WFRP) through Plaintiff Pro Ag, Policy No. 2017-46-987-1029811. *See* Exhibit 1 (*WFRP Policy*); Exhibit 2 (*Pro Ag WFRP Schedule of Insurance*). Crop year 2017 was the first year in which Finneman farmed in his individual capacity, having previously farmed as part of a South Dakota limited liability company, C&D Acres, LLC. *See* Exhibit 7 (*Findings, Determinations, and Award*) at 3.

C&D Acres, LLC was previously established by Finneman and his wife, Connie, but by Dissociation filed with the South Dakota Secretary of State on May 16, 2011, Connie Finneman "voluntarily dissociate[d] from C&D Acres LLC because of physical and health reasons." *See* Connie Finneman Dissociation. Thereafter, C&D Acres, LLC continued to farm as a single-member LLC, including the following crops insured by Plaintiff Pro Ag under traditional Multiple Peril Crop Insurance (MPCI) policies in crop year 2017:

| **Pro Ag Policy No.** | **Crop** | **Acres** | **County, State** |
|---|---|---|---|
| 20-987-1031310 | Soybeans | 213.3 | Kingman County, Kansas |

| | | | |
|---|---|---|---|
| 46-987-1031311 | Safflower | 178.4 | Pennington County, South Dakota |
| 46-987-1031314 | Safflower | 473.7 | Meade County, South Dakota |
| 46-987-1031638 | Soybeans | 53.2 | Aurora County, South Dakota |
| 46-987-1031641 | Soybeans | 124.9 | Jerauld County, South Dakota |

*Id.* at 3.

In addition to C&D Acres, LLC's crops listed above (and insured by separate Pro Ag MPCI policies as provided), Finneman farmed in his individual capacity 316.0 acres of non-irrigated corn and 280.0 acres of non-irrigated safflower in Pennington County, South Dakota. Although available (at least for the safflower), Finneman did not take out a separate MPCI policy on the corn and safflower acres farmed in his individual capacity and covered by Pro Ag WFRP Policy No. 2017-46-987-1029811. *Id.*

Following the acceptance of Finneman's WFRP application, Pro Ag issued a *Schedule of Insurance* for Policy No. 2017-46-987-1029811, confirming "Whole-Farm Liability" of $147,096.00 and "MPCI Liability" of $0.00. *Id.* Notably, no "Associated Underlying MPCI Coverage" is listed in the Pro Ag WFRP *Schedule of Insurance*. It is undisputed that Finneman incurred an otherwise insurable loss under his 2017 WFRP Policy. Furthermore, it is undisputed that the corn and safflower acres insured under Pro Ag WFRP Policy No. 2017-46-987-1029811 produced no revenue. *Id.* at 6.

In its April 20, 2018, determination letter, Pro Ag advised Finneman that WFRP Policy No. 2017-46-987-1029811 was being voided, that Pro Ag's "Whole-Farm Liability" was being revised to zero, and that Pro Ag would be keeping 20 percent of his previously paid premium. Specifically, Pro Ag determined that Connie Finneman, David's wife, had a substantial beneficial interest ("SBI") in the crops insured under Pro Ag Policy No. 2017-46-987-1029811,

having failed to meet the "legally separated" requirement of the WFRP Policy and FAD-049. *See* Exhibit 4 (*Pro Ag Determination Letter*).

On April 15, 2019, Finneman filed his Demand for Arbitration in accordance with the mandatory arbitration provision set forth in Section 33 of the *Whole Farm Revenue Protection Pilot Policy* challenging the April 20, 2018, indemnity determination of Producers Agriculture Insurance Company ("Pro Ag"). *See* Exhibit 3 (*Demand for Arbitration*). Pursuant to *Manager's Bulletin No. MGR-12-003.1* and Section 33 of the *Whole Farm Revenue Protection Pilot Policy*, the parties appointed the Honorable David A. Allgeyer of Minneapolis, Minnesota, as arbitrator. *See* Exhibit 5 (*Scheduling Order and Notice of Hearing*).

The "legally separated" issue was resolved in the arbitration in favor of David Finneman by Arbitrator's Order dated January 13, 2021 (mislabeled "2020"). *See* Exhibit 6 (*Order on Motion for Summary Disposition*). Pro Ag nevertheless maintained its contention that no liability was due under Pro Ag Policy No. 2017-46-987-1029811, having reviewed and revised various aspects of the WFRP Policy, and having reduced Finneman's guaranteed "Whole-Farm Liability" of $147,096.00 to a net zero. *See* Exhibit 4 (*Pro Ag Determination Letter*).

Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allgeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award. In his Findings, Determination, and Award, Arbitrator David A. Allgeyer accepted Pro Ag's calculation of Finneman's Allowable Revenue and resulting WFRP coverage, but properly disregarded the revenue of the separate entity, C&D Acres, LLC. The Arbitrator awarded Finneman the additional WFRP indemnity under the subject policy, but net of the additional premium previously refunded by Pro Ag. *See* Exhibit 7 (*Findings, Determinations, and Award*).

Having lost at arbitration, Pro Ag filed with this Court on July 19, 2022, its Petition for Vacatur, or in the Alternative, Nullification of the Arbitration Award pursuant to the Federal Arbitration Act (FAA), 9 USC §1, *et seq.*, claiming the arbitrator exceeded the scope of his authority under the 2017 WFRP.  *See* Petition [DE #1]; *see also* 9 USC §10(a)(4).  Defendant David Finneman responded with his own Counterclaim seeking confirmation of the arbitration award pursuant to 9 USC §9.  *See* Defendant's Answer and Counterclaim [DE #12].  Presently pending before the Court are the Plaintiff's Motion for Summary Judgment.  *See* Plaintiff's Motion for Summary Judgment [DE #17] and Defendant David Finneman's competing Motion for Summary Judgment confirming the arbitration award pursuant to 9 USC §9.

## III.  ARGUMENT AND AUTHORITY

### A.  Standard of Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court will view the facts of the motion in the light most favorable to the non-moving party. *See Van Dorn v. Hunter*, 919 F.3d 541 (8th Cir. 2019).

A court should grant summary judgment "[w]here there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party[.]" *See Fercello v. Cnty. of Ramsey*, 612 F.3d 1069 (8th Cir. 2010).  A motion for summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex* 477 U.S. at 322.

### B.  Confirmation, Vacatur or Nullification of the Arbitration Award

The parties agree that the Federal Arbitration Act (FAA), 9 USC §1, *et. seq.*, governs the determination of Plaintiff Pro Ag's Petition and Count I of Defendant Finneman's Counterclaim. Finneman seeks confirmation pursuant to section 9, while Pro Ag seeks vacatur pursuant to section 10(a)(4).

There is, of course, a long-standing presumption in favor of enforcing an arbitration award, and the district court must "accord an extraordinary level of deference to the underlying award." *SBC Advanced Solutions, Inc. v. Comn'ns Workers of America, Dist. 6*, 794 F.3d 1020, 1027 (8th Cir. 2015); *Boise Cascade Corp. v. Paper Allied–Indus., Chem. & Energy Workers, Local 7–0159*, 309 F.3d 1075, 1080 (8th Cir.2002).  A district court's review of arbitration awards is extremely limited and is not a review on the merits.  *SBC Advanced Solutions, Inc.*, 794 F.3d at 1027; *Osceola Cnty. Rural Water Sys., Inc. v. Subsurfco, Inc.*, 914 F.2d 1072, 1075 (8th Cir.1990).

"[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *SBC Advanced Solutions, Inc.*, 794 F.3d at 1027, *citing United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Thus, the court "may not set an award aside simply because [it] might have interpreted the agreement differently or because the arbitrator erred in interpreting the law or in determining the facts."  *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 462 (8th Cir.2001).

The sole ground asserted by Pro Ag for vacatur is its suggestion that Arbitrator Allgeyer "exceeded his powers by engaging in policy interpretation and disregarding existing FCIC interpretations."  *See* Plaintiff's Brief [DE #19] at 3, 8, 13, 6.  According to Pro Ag, "not only

did the arbitrator engage in independent policy interpretation, but he also disregarded existing FCIC interpretations by basing his award on the equitable principle of 'good faith and fair dealing.'" *Id*. at 13, n. 6.

However, as is clear from the award, Arbitrator Allgeyer applied not only the terms of the WFRP policy but also ***controlling legal authority from the Eighth Circuit Court of Appeals*** in reaching his conclusion:

> ProAg argues that its loss determination procedures require that the numbers for Mr. Finneman's claim be taken from C&D's tax return form. There is no other way to compute the claim, it argues. And doing things any other way, it says, represents an improper interpretation of regulations and procedures. Further, it notes that equitable relief is not available in a crop insurance case.
>
> But, as the Eighth Circuit has noted, "[o]ne may have to turn 'square corners' when dealing with a government entity, but this does not mean the government may operate so recklessly as to put the parties dealing with it entirely at its mercy." *A.W.G. Farms, Inc. v. Federal Crop Ins. Corp*., 757 F.2d 720, 729 (8th Cir. 1985). The same is also true of ProAg when selling federal crop insurance, particularly considering that it is in the business of selling policies, as it did here to Mr. Finneman.
>
> It is true that arbitrators are not to apply estoppel and other equitable principles in crop insurance matters. *Id.* at 728-29. So, neither estoppel nor other equitable principles will be applied here. But even crop insurance contracts incorporate a covenant of good faith and fair dealing on the part of the parties. *Id.* This compels a conclusion that, under the unique facts of this case, C&D's Revenue attributed to the non-insured crops are not property counted when determining Mr. Finneman's losses in Pennington County.
>
> Further, ProAg has not provided any controlling authority mandating that an LLC's revenue be applied to a separately insured crop grown insured by a member of the LLC. Instead, it provides only its take on its regulations and policy provisions that it now maintains must result in denying indemnity. That is not enough to overcome its early determination, operating as an admission, that the Pennington Crops could be separately insured.

*See* Exhibit 7 (*Findings, Determinations, and Award*) at 8-9.

The Eighth Circuit's recent decision in *Balvin v. Rain & Hail, LLC*, 943 F.3d 1134 (8th Cir. 2019), is highly instructive. In addressing FAA vacatur under a federally-reinsured crop

insurance contract, the Eighth Circuit held that a District Court in South Dakota "may vacate the award "only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Id.* at 1136, *citing Stolt-Nielsen, S.A. v. Animal Feeds Int'l Corp.,* 559 U.S. 662, 671, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010).

Indeed, the Court held that even '[t]o the extent the arbitrator applied the wrong sections of the [FCIC] manual, the parties bargained for the arbitrator's decision; if the arbitrator got it wrong, then that was part of the bargain." *Balvin*, 943 F.3d at 1138, n. 3, *citing Beumer Corp. v. ProEnergy Servs., LLC,* 899 F.3d 564, 566 (8th Cir. 2018). "An arbitrator does not 'exceed his powers' by making an error of law or fact, even a serious one." *Balvin*, 943 F.3d at 1138 (*citing Beumer Corp. v. ProEnergy Servs., LLC*, 899 F.3d 564, 565 (8th Cir. 2018)). "[S]o long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the award should be confirmed." *Id*. at 1136.

In reversing the Judge Peirsol's Order vacating the arbitrator's award, the Eighth Circuit reasoned, "whether the [ ] dispute involves an interpretation [of FCIC policy and procedure] is a threshold arbitrability question for [the arbitrator] to decide. . . . By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability . . . [and] the arbitrator was fee to determine any threshold arbitrability question to the extent that they were at issue." *Id*. at 1137. Addressing the application of 7 C.F.R. §400.766(b)(4)(ii) and the "automatic nullification" of an arbitration award, the Eighth Circuit held, "[a]n arbitrator has not exceeded his powers where neither party suggested that a term of the policy was subject to interpretation, but the interpretation dispute instead arose after the arbitration proceedings." *Balvin*, 943 F.3d at 1138.

Here, despite the invitation from Pro Ag to seek an interpretation from FCIC, Arbitrator Allgeyer concluded that no such interpretation was necessary, instead relying upon the express terms of the WFRP policy, existing Final Agency Determinations (FADs) from the FCIC and controlling federal case law from this very Circuit. *See* Exhibit 7 (*Findings, Determinations, and Award*) at 8-9. In short, Arbitrator Allgeyer made factual determinations and applied governing Eighth Circuit legal precedent in concluding that Pro Ag was correct as to certain arguments and that Finneman was correct as to others. *Id.* Pro Ag's dissatisfaction with the outcome of the arbitration is not grounds for vacatur, and instead, the arbitration award should be confirmed. *See DFM Investments, LLC v. Brandspring Solutions, LLC*, 743 Fed. Appx. 58, 61 (8th Cir. 2018).

### C. Remand for Further Arbitration Proceedings

If this Court concludes that the facts of this case are distinguished from the broad deference prescribed by the Eighth Circuit in *Balvin* and the precedent and the arbitration award cannot be confirmed, then "the appropriate remedy is to remand the case for further arbitration proceedings." *See, e.g., Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001). "Even in the very rare instances when an arbitrator's procedural aberrations rise to the level of affirmative misconduct, as a rule the court must not foreclose further proceedings by settling the merits according to its own judgment of the appropriate result, since this step would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc*., 484 U.S. 29, 108 S. Ct. 364, 98 L. Ed. 2d 286, n. 10 (1987). "Instead, the court should simply vacate the award, thus leaving open the possibility of further proceedings if they

are permitted under the terms of the agreement. The court also has the authority to remand for further proceedings when this step seems appropriate." *Id.*

Thus, if this Court grants Pro Ag its vacatur, or "automatic nullification," the matter must necessarily be remanded to Arbitrator Allgeyer to make his findings in light of the FCIC guidance provided. *Id.*; *see also* 9 USC § 10(e) ("Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrator.").

**D. Federal Preemption, "Judicial Review" and the *Plants-Pelzer-Dixon* Line of Cases**

Plaintiff Pro Ag goes beyond its prayer for vacatur and moves this Court for summary judgment as to Finneman's Count II for "judicial review" under the Section 33 of the WFRP policy and 7 C.F.R. §400.352(b)(4), as well as Finneman's state law tort claims enumerated in Counts III, IV, V and VI. However, contrary to the suggestion of Pro Ag, the question of whether Finneman's 2017 WFRP policy affords him "judicial review," or more specifically, whether the FCIC is required under Section 33 and/or 7 C.F.R. §400.352(b)(4) to make a noncompliance determination as to Pro Ag's use of revenue from C & D Acres, LLC to figure Finneman's claim but disregard of the historical revenue of that same C & D Acres, LLC in figuring his insurance guarantee, is actually before this very Court on a timely administrative appeal. *See David Finneman v. United States Department of Agriculture, et al.*, Case No. 5:23-cv-5034.

Pro Ag summarily dismisses this Court's authority to reach a conclusion as to this important issue of law that is contrary to that of the National Appeals Division of USDA. *See* Plaintiff's Brief [DE #19] at 23, 12. However, until this Court takes up the merits of that

separate action, summary judgment as to Finneman's Count II prayer for judicial review cannot be granted.

The Plaintiff's argument for federal preemption on the remaining counts of Finneman's Counterclaim ignore the legal precedent of *Dixon v. Producers Agriculture Insurance Company*, 198 F.Supp.3d 832 (2016), *Pelzer v. ARMtech Insurance Services, Inc.*, 928 F.Supp.2d 1071 (2013), and *Plants, Inc. v. Fireman's Fund Insurance Co.*, 2012 WL3291805 (2012), cases which emphatically uphold an insured's right to assert state law tort claims.

Endorsing the *Plants-Pelzer-Dixon* line of cases, the Fourth Circuit in *J.O.C. Farms, LLC v. Fireman's Fund Insurance Company,* 737 Fed. Appx. 652 (4th Cir. 2018), held:

> We conclude the district court properly dismissed these state law claims in reliance on these contract and regulatory provisions. While the FCIA and FCIC regulations were not intended to completely foreclose state law claims against private insurers providing policies reinsured by the FCIC, we agree with the weight of recent authority recognizing that claims arising from an insurer's determination **under the policy** are preempted. *See, e.g. Dixon v. Producers Agric. Ins. Co.*, 198 F.Supp.3d 832, 839-41 & n.10 (M.D. Tenn. 2016); *Pelzer v. ARMtech Ins. Servs., Inc.*, 928 F.Supp.2d 1071, 1076-79, 1081 (E.D. Ark. 2013)

*J.O.C. Farms,* 737 Fed. Appx. At 655-56 (emphasis added).

The *Dixon* decision followed the Tennessee Court of Appeals' decision in *Plants, Inc. v. Fireman's Fund Insurance Company* and the United States District Court for the Eastern District of Arkansas' decision in *Pelzer v. ARMtech Insurance Services, Inc.*, as well as the RMA's issuance of Final Agency Determinations FAD-240 and FAD-251. *See Dixon*, 198 F.Supp. at 841, n. 10. In fact, as the *Dixon* court noted, FAD-240 and FAD-251 were published by FCIC in response to the *Dixon* court's own order denying the defendant's motion to dismiss the plaintiff's tort claims – claims of negligent and intentional misrepresentation, much like the current claims of Finneman's claims against Pro Ag's employees. *See Dixon*, 198 F.Supp. at 834-35.

The *Dixon* court held, "After reviewing the applicable case law and the relevant statutes, the Court agrees with the *Plants* court and finds **Plaintiffs' claims for negligent and intentional misrepresentation are not preempted under the FCIA, federal regulations, or the policy terms** — and as such, are not barred by any statute of limitations under the MPCI policy nor are Plaintiffs prohibited from seeking extra-contractual and punitive damages here." *Id.* at 841, n. 9, 10, 11 (emphasis added); *see also Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 3291805, *11 (Tenn. Ct. App. 2012) ("state tort claims for negligence, misrepresentation, and fraud do not arise from the policy of insurance itself but from alleged tortious actions taken prior to the agreement being made or that occurred outside the scope of the policy" and therefore are not preempted by FCIA and do not invoke the requirements of 7 C.F.R. §400.176 and 7 C.F.R. §400.352); *Pelzer v. ARMtech Insurance Services, Inc.*, 928 F.Supp.2d 1071 (E.D. Ark. 2013). ("At present, federal crop insurance regulations 'reveal no conflict with state law claims for negligence, misrepresentation, or fraud.'"); *Nobles v. Rural Community Insurance Services*, 122 F.Supp. 2d 1290, 1292 (M.D. Ala. 2000) ("The [Risk Management Agency] RMA has not extinguished state law causes of action that may arise from tortious conduct by private companies selling RMA-approved reinsurance contracts."); s*ee also Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d at 633, 685-86 (5th Cir. 2001); *Meyer v. Conlon*, 162 F.3d 1264, 1268-70 (10th Cir. 1998); *Williams Farms of Homestead, Inc. v. Rain and Hail Ins. Servs., Inc.*, 121 F.3d 630, 633 (11th Cir. 1997); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 (9th Cir. 1993); *Wannamaker v. Lawson*, 871 F.Supp. 2d 735, 743 (E.D. Tenn. 2012); *Skymont Farms v. North*, 862 F.Supp. 2d 755, 760 (E.D. Tenn. 2012); *Agre v. Rain & Hail, LLC*, 196 F.Supp. 2d 905, 911-12 (D. Minn. 2002); *Hyzer v. Cigna Prop. Cas. Ins. Co.*, 884 F.Supp. 1146, 1149-53 (E.D. Mich. 1995); *O'Neal v. Cigna Prop. Cas. Ins. Co.*, 878 F.Supp. 848, 850-52 (D.S.C. 1995);

*Dailey v. American Growers, Ins.*, 103 S.W.3d 60, 66 (Ky. 2012); *Hobbs v. IGF Ins. Co.*, 834 So. 2d 1069, 1071-75 (La. Ct. App. 2002); *Lyerly v. American Nat. Fire Ins. Co.*, 343 S.C. 401, 409-10 (Ct. App. 2000).

The Tenth Circuit and Eleventh Circuit subscribe to the view later expressed in the *Plants-Pelzer-Dixon* line of cases that not all state law claims are preempted by the FCIA ***and may proceed without authorization from the FCIC***. *See Williams Farms of Homestead, Inc. v. Rain & Hail Ins. Services, Inc.*, 121 F.3d 630 (11th Cir. 1997)("Congress did not draft the FCIA to expressly preempt state law claims, nor does the wording of the statute or its legislative history evince an intent to preempt state law claims."); *Meyer v. Conlon*, 162 F.3d 1264, 1270 (10th Cir. 1998)("Congress has not expressed a clear intent to preempt all state law causes of action against private reinsurers." "Nor is compliance with both federal and state contract law impossible, at least as FCIC contracts are currently written."). Similarly, in the 2004 case of *Alliance Insurance Co. v. Wilson*, 384 F.3d 547 (8th Cir. 2004), the Eighth Circuit Court of Appeals cited with authority both *Williams Farms of Homestead, Inc. v. Rain & Hail Ins. Services, Inc.* and *Meyer v. Conlon*.

If Finneman is not entitled to recover his indemnity under the WFRP policy, current law permits him to proceed with his tort-based remedies as an alternative to recovery under the WFRP policy and the arbitration award entered in his favor.

## IV.  CONCLUSION

Based upon the foregoing argument and legal authority, Defendant David Finneman respectfully moves this Court for summary judgment confirming the Findings, Determinations, and Award entered in the arbitration on June 20, 2022, by the duly-appointed arbitrator, David A. Allgeyer, and denying the Plaintiff's Motion for Summary Judgment.

                    Respectfully submitted,

                    TIESZEN LAW OFFICE, PROF LLC
                    306 East Capital Avenue
                    Suite 300
                    Post Office Box 550
                    Pierre, South Dakota 57501
                    Phone: 605-224-1500
                    naomic@tieszenlaw.com

                    */s/ Naomi R. Cromwell*
                    NAOMI R. CROMWELL
                    South Dakota Bar No. 3054
                    Attorney for Defendant

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice*)

## **CERTIFICATE OF SERVICE**

    I, NAOMI R. CROMWELL, attorney for Defendant in the above styled and numbered cause, do hereby certify that I have this day served by electronic means through the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) a true and correct copy of the foregoing pleading to Reed Rasmussen, Esquire, Siegel, Barnett & Schutz, LLP, 415 South Main, Suite 400, Post Office Box 490, Aberdeen, South Dakota 57402-0490, and Jeffrey S. Dilley, Esquire, Henke-Bufkin Law Firm, P.A., 408 Hopson Street, Lyon, Mississippi 38645.

    THIS, the 1st day of November, 2023.

                    /s/*Naomi R. Cromwell*
                    NAOMI R. CROMWELL